UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CLAYTON M. BATES, et al., <br>     Petitioners, <br><br> vs. <br><br> RICHARD M. DEWINE, et al., <br>     Respondents. | Case No. 1:16-cv-975 <br><br> Dlott, J. <br> Bowman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Petitioners have filed a petition pursuant to 28 U.S.C. § 2254 for a "Writ of Habeas Corpus in Trover Concerning the Substantial Rights to Care, Custody and Control of an Innocent Child." (Doc. 1).  This matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Because the undersigned finds that it plainly appears from the petition and attached exhibits that petitioners are not entitled to relief it is recommended that the petition be dismissed.

Based on the documents submitted to the Court, it appears petitioners seek to challenge state court rulings regarding the termination of their parental rights and seek the release of a minor from the custody of the Highland County Job and Family Services.  Petitioners filed a similar petition previously in the Eastern Division of this Court, which was dismissed for lack of jurisdiction.  *See C.M.B., et al, v. Ohio*, Case No. 2:16-cv-757 (Watson, J.; Jolson, M.J.) (Doc. 3).  Specifically the Court found that petitioners failed to meet the custody requirement of 28 U.S.C. § 2254 and that the federal court lacked jurisdiction to collaterally challenge or stay the state court judgment determining parental rights.  (*Id.*).  For the same reasons, the petition in this action is subject to dismissal with prejudice for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  *See* 28 U.S.C. foll. § 2254.

This Court only has jurisdiction under 28 U.S.C. § 2254 to consider habeas applications

by persons "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3), with emphasis added by the Supreme Court) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or law or treaties of the United States."). In this case, it appears clear from the face of the petition that the three year old minor is not in custody pursuant to the judgment of a state court. *See Lehman v. Lycoming Cnty. Children's Services Agency*, 458 U.S. 502, 510–11 (1982) (holding that children of mother who was "simply seek[ing] to relitigate through federal habeas . . . the interest in her own parental rights," were not "in custody" within the meaning of § 2254). Therefore, petitioners fail to satisfy the "in custody" requirement for federal habeas jurisdiction to lie.

In any event, courts that have considered the issue have consistently held out of "deference to state expertise in the field of domestic relations" that the extraordinary remedy of a writ of habeas corpus is not available, and indeed would be "inappropriate," in such cases. *See, e.g., Castorr v. Brundage*, 674 F.2d 531, 535–36 (6th Cir. 1982); *see also Lehman*, 458 U.S. at 515–16 (holding that "§ 2254 does not confer federal-court jurisdiction" in cases involving child-custody disputes); *Jacobson v. Summit Cnty. Children Services Bd.*, 202 F. App'x 88, 909 (6th Cir. 2006) (relying on *Lehman* in holding that the court lacked habeas jurisdiction to review the state court's judgment involuntarily terminating parental rights).

Indeed, it is well settled that federal courts generally lack jurisdiction over domestic relations matters "even when those questions are presented in the guise of a federal question." *See Robinson v. Michigan*, No. 1:09cv564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009) (and numerous cases cited therein); *see also Stephens v. Hayes*, 374 F. App'x 620, 623

(6th Cir. 2010) ("[u]nder the principles of comity and deference to state expertise in the field of domestic relations," and in accordance with the court's "consistent policy," the Sixth Circuit "decline[d] to exercise jurisdiction" over claims that constituted collateral attacks on state-court judgments pertaining to child custody); *Lee v. Johnson-Wharton*, No. 1:14cv868, 2014 WL 7015178, at *4 (S.D. Ohio Dec. 11, 2014) (Dlott, J.; Litkovitz, M.J.) (relying on *Stephens* and *Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013), in holding that the district court lacked jurisdiction to consider claims couched in terms of a civil rights action, which essentially amounted to a collateral attack of a state-court judgment terminating the plaintiff's parental rights).  The *Rooker-Feldman* doctrine, which generally prohibits federal district courts from entertaining appeals from cases already litigated in state court,[1] also is applicable to the extent that petitioners are complaining about state court rulings issued against them before the instant action commenced and is inviting this Court to review and reject those determinations.  *See Lee*, *supra*, 2014 WL 7015178, at *3 (holding that the district court also lacked jurisdiction under the *Rooker-Feldman* doctrine to reverse the state court's decision terminating the plaintiff's parental rights).

      Accordingly, in sum, because it plainly appears that this Court lacks jurisdiction to consider the petitioners' habeas corpus petition brought pursuant to 28 U.S.C. § 2254, the petition should be dismissed with prejudice at the screening stage.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  Petitioners' related "Motion for Injunction of all Proceedings being Held in Lower Administrative Forums Concerning the Substantial Rights to the Care, Custody and Control of an Innocent Child" and "Motion for Restoration of Substantial Rights to Visitation with a Minor Child Pending

---

[1] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Completion of a Hearing for a Writ of Habeas Corpus in Trover Concerning the Substantial Rights to the Care, Custody and Control of an Innocent Child" should be denied. (Doc. 2, 3).

## IT IS THEREFORE RECOMMENDED THAT:

1. The petitioners' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that this Court lacks jurisdiction to consider it and petitioners' related motions (Doc. 2, 3) be **DENIED.**

2. A certificate of appealability should not issue because petitioners have not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioners to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioners leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLAYTON M. BATES, et al.,           Case No. 1:16-cv-975
    Petitioners,

                                           Dlott, J.
    vs.                                     Bowman, M.J.

RICHARD M. DEWINE, et al.,
    Respondents.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).